UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOAN NEWBERGER,

       Plaintiff,

vs.                                     Case No. 3:07-cv-585-J-HTS

MICHAEL J. ASTRUE,
Commissioner of the
Social Security
Administration,

       Defendant.
_____

**OPINION AND ORDER**[1]

**I. Status**

    Joan S. Newberger is appealing the Social Security Administration's decision denying her request for waiver of an overpayment of Supplemental Security Income. Administrative Law Judge (ALJ) Robert Droker, in a Decision entered on March 21, 2006, found Plaintiff to be at fault in causing the overpayment. Transcript of Administrative Proceedings (Tr.) at 14, 15. Ms. Newberger has exhausted the available administrative remedies and the case is properly before the Court. On appeal, she argues the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #18).

ALJ "err[ed] by failing to [e]licit a knowing and intelligent waiver" of her right to counsel.  Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #15; Memorandum) at 1, 3 (emphasis and capitalization omitted).

## II.  Legal Standard

This Court reviews the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by 'substantial evidence[.]'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)); *see also Ingram*, 496 F.3d at 1260.  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]"  *Ingram*, 496 F.3d at 1260 (internal

quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  Discussion

Plaintiff maintains the judge failed to obtain a proper waiver as to her right to representation.  Specifically, it is contended "the ALJ's failure to discuss that the claimant could receive representation *gratis* should result in a remand."  Memorandum at 6.

"A Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ."  *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam); *see also McCloud v. Barnhart*, 166 F. App'x 410, 416 (11th Cir. 2006) (per curiam); *Blanks v. Apfel*, No. Civ.A. 00-0004-RV-S, 2001 WL 228178, at *3 (S.D. Ala. Feb. 23, 2001).  For there to be an effective waiver of the statutory right to have counsel present at a disability hearing, the record must demonstrate that the claimant was "'properly apprised of [her] options concerning representation'" and knowingly and intelligently waived the right to counsel.  *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982) (quoting *Peppers v. Schweiker*, 654 F.2d 369, 371 (5th Cir. 1981)).

The Commissioner is required to "notify each claimant in writing . . . of the options for obtaining attorneys to represent

individuals in presenting their cases before the Commissioner of Social Security." 42 U.S.C. § 406(c). The representation options of which the claimant must be apprised are the availability of free legal services and the statutory cap on attorney fees of twenty-five percent of any eventual award, if applicable. *See Edwards v. Sullivan*, 937 F.2d 580, 585 (11th Cir. 1991); *Smith*, 677 F.2d at 829; *see also* 42 U.S.C. § 406. Further, when it appears the claimant may be incompetent or have a mental illness, the ALJ should explain with even greater care the right to counsel as well as the role of an attorney in the hearing to ensure the claimant understands these subjects. *See Smith v. Sec'y of Health, Educ. and Welfare*, 587 F.2d 857, 860 (7th Cir. 1978) (per curiam); *Vance v. Heckler*, 579 F. Supp. 318, 321 (N.D. Ill. 1984).

Plaintiff was advised of the right to counsel several times. In a Notice of Planned Action from the Social Security Administration dated August 1, 2005, she was informed she could "have a friend, lawyer or someone else help [her]." Tr. at 69. The notice continued: "There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal." *Id.* (emphasis omitted). A Notice of Reconsideration dated August 25, 2005, reiterated this information.

*See id.* at 82. A letter addressed to the Administration from Community Legal Services of Mid-Florida, Inc., dated August 26, 2005, suggests Ms. Newberger was being represented by that agency. *See id.* at 85. Moreover, she appointed an attorney on September 6, 2005. *See id.* at 87; *see also id.* at 88-89 (contingent fee agreement). This lawyer withdrew from the representation, *see id.* at 109 (letter dated October 24, 2005), for reasons not disclosed in the record. In the Notice of Hearing dated January 25, 2006, from the ALJ, Plaintiff was again reminded of her right to obtain representation and told that, "[i]f [she] want[ed] to have a representative, [she should] get one right away." *Id.* at 17, 120; *see also id.* at 124 (report of contact indicating Claimant was spoken with and had received the Notice of Hearing).

    The hearing was held on February 16, 2006, approximately three weeks after the Notice of Hearing was sent. Ms. Newberger appeared without representation, indicating that "[n]obody . . . would[] represent" her. *Id.* at 139. Asked if she wished to proceed without representation, she responded, "Yeah. I couldn't get anybody to, to do it." *Id.* She mentioned that legal aid "said they need a special letter that says" a lawyer's presence was necessary. *Id.* at 140. Claimant did not explicitly request additional time to attempt to find a lawyer, nor did the ALJ suggest such might be appropriate. The record makes apparent

Plaintiff desired legal representation but was having troubling obtaining (and keeping) it.

Asked at the hearing whether she "had a chance to look at the file[,]" Claimant stated she does not read. *Id.* at 140-41. She also asserted her "legal caregiver wasn't allowed in the room. He has papers from a lawyer that says he's supposed to be wherever" she is. *Id.* These statements raise potential doubts about Ms. Newberger's competence. Although submitted after the hearing, the record additionally contains an allegation by Plaintiff that she is mentally ill and has the "mind capacity [of a] 10 or 11 year[-]old." *Id.* at 6 (capitalization omitted); *see also id.* at 7 (referring to organic brain syndrome).

Under the circumstances, it is found Plaintiff did not effectively waive her statutory right to counsel. Unfortunately, an ineffective waiver of counsel, standing alone, does not justify remand. "[T]here must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded . . . for further development of the record." *Graham*, 129 F.3d at 1423. "This requires a showing that the ALJ did not have all of the relevant evidence before him in the record or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Blanks*, 2001 WL 228178, at *4.

- 6 -

Here, Claimant has not attempted to show the judge lacked any relevant evidence or that he failed to consider evidence of record. She asserts merely "the prejudice seems clear due to the nature of an overpayment [being] based on excess resources." Memorandum at 6. This is plainly inadequate. The mere fact this is an overpayment case involving an issue of excess resources does not establish prejudice.[2] And whereas Plaintiff claims "the ALJ admitted on the record [she] needed a lawyer because of the complicated issues regarding this overpayment case[,]" *id.*, the judge actually remarked only he thought "a lawyer would be helpful . . . because . . . there is a fraud investigation already under way, apart from what we're doing here in the recovery process on the overpayment." Tr. at 140.

Thus, while the Court agrees the record does not show that Ms. Newberger fully and effectively waived her right to representation, she has failed to demonstrate the requisite prejudice warranting a remand of this case.

---

[2] To the extent it is appropriate for the Court to scrutinize the record in the absence of argument, it is noted no obvious evidentiary gaps or other circumstances appear present such that unfairness or clear prejudice resulted. While the ALJ failed to elicit an effective waiver of counsel, he proceeded to develop the testimony of Claimant and two witnesses, including Ms. Newberger's ex-husband/alleged caregiver, in regard to the issues at hand. *See* Tr. at 141-166. He then issued a reasoned Decision based upon the evidence of record. *See id.* at 12-15.

## IV.  Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of February, 2008.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any